UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID MOORE | : |
| | : |
| VS. | : CIVIL ACTION NO. |
| | : |
| CITY OF SHELTON and | : |
| SHAWN SEQUEIRA | : MARCH 13, 2017 |

## COMPLAINT

1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3. The plaintiff is an adult citizen of the United States. He is a Lieutenant in the Police Department of Shelton, Connecticut. He is suing only in his individual capacity.

4. The defendant City of Shelton is a municipality in the State of Connecticut. At all times mentioned herein it acted through its highest policy-making officials for the matters involved. The defendant Shawn Sequeira is the

1

Interim Chief of Police in Shelton and as such is the highest policy-setting official of Shelton for matters involving supervision and discipline of members of the Police Department including the plaintiff. Defendant Sequeira is sued in his individual capacity.

5. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

6. At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.

7. On November 9, 2015, the defendant City of Shelton arbitrarily and without just cause demoted the plaintiff from the rank of Lieutenant to the rank of Sergeant. It did so contrary to the facts alleged against the plaintiff and without affording the plaintiff the procedural due process protections guaranteed him by the Collective Bargaining Agreement between the City of Shelton and the Shelton Police Union.

8. The defendant Sequeira, who at that time was a Captain in the Shelton Police Department, took an active role in the aforesaid actions against the

plaintiff and, with the then Chief of Police, was the leader of the attempt to demote him.

9.  Thereafter, the plaintiff filed a grievance challenging his demotion.  He pursued that grievance all the way to a full evidentiary hearing before the Connecticut Department of Labor, Board of Mediation and Arbitration which, after six days of hearings, unanimously ruled on December 9, 2016, that the demotion of the plaintiff was unlawful and a violation of the union contract, and ordered him reinstated to the rank of Lieutenant with full back pay and benefits. That ruling took effect on December 15, 2016.

10.  In filing and pursuing the aforesaid grievance, the plaintiff exercised rights secured to him by the First Amendment to the United States Constitution, and by Sections 3, 4 and 14 of Article First of the Constitution of the State of Connecticut.

11.  From December 15, 2016, to and including the present time, the defendants, acting jointly and in concert with each other, have retaliated against the plaintiff for his aforesaid exercise of protected state and federal constitutional rights by pursuing an ongoing series of groundless adverse employment actions designed to create a working environment so hostile that the plaintiff will feel constrained to resign.  Some of these retaliatory actions are described hereinafter.

12.  On December 21, 2016, the plaintiff was ordered to submit written responses to a series of questions relating to an event involving the improper operation of a school bus by a non-police individual on December 16, 2016, indicating that the plaintiff was a target of an investigation regarding the matter although there was no basis for suggesting that the plaintiff had in any way failed to handle the incident correctly and professionally.

13.  On December 24, 2016, the plaintiff was ordered to submit answers to a second series of questions regarding the aforesaid school bus incident.

14.  On numerous occasions since the plaintiff filed his aforesaid grievance, defendant Sequeira has stated that he is seeking to terminate the plaintiff's employment as a police officer.

15.  On or about February 8, 2017, defendant Sequeira cancelled his pre-existing right, as a Lieutenant, to have a take-home police vehicle and assigned him Car # 128, the oldest and most defective vehicle in the Police Department, a vehicle with a broken exhaust manifold bolt on the right side, which leaked exhaust past both exhaust manifold gaskets and through a hole in the right side of the exhaust pipe, endangering the plaintiff's health.  Despite the plaintiff's objection that the vehicle was unsafe, defendant Sequeira required him to continue using the vehicle.

16.  On February 10, 2017, defendant Sequeira ordered the plaintiff to

submit to retraining and evaluation without legitimate basis.

17. On February 13, 2017, defendant Sequeira ordered the plaintiff to show cause within one week why he should not be disciplined for violation of Shelton Police Department Policy Obedience to Orders # 010706.

18. On February 14, 2017, defendant Sequeira notified the plaintiff that a disciplinary hearing will be scheduled in connection with the aforesaid school bus incident.

19. To this day, although the plaintiff has been restored to the rank of Lieutenant, he has not been assigned an office.

20. The actions of the defendants described above violated rights secured to the plaintiff by Sections 3, 4 and 14 of Article First of the Connecticut Constitution and by Section 31-51q of the Connecticut General Statutes.

21. The actions of the defendants described above violated rights secured to the plaintiff by the First Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, attorney fees and costs.

**_The plaintiff claims trial by jury._**

THE PLAINTIFF

BY: _____/s/_____ John R. Williams_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
His Attorney