UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID MOORE,
    *Plaintiff*,

v.

CITY OF SHELTON, *et al.*,
    *Defendants*.

No. 3:17-cv-00421 (JAM)

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff is a police officer who has sued his police department and a police supervisor on the ground that they retaliated against him for filing a workplace grievance. According to plaintiff, his grievance was an exercise of free speech subject to protection under the federal and state constitutions. I will dismiss the complaint on the ground that plaintiff's grievance was not subject to protection from retaliation under the First Amendment.

**BACKGROUND**

The following facts as drawn from the complaint are accepted as true for purposes of this motion. Plaintiff is a lieutenant with the City of Shelton Police Department. Defendants are the City of Shelton and interim police chief Shawn Sequeira. In November 2015, plaintiff was demoted from the rank of lieutenant to the rank of sergeant. Sequeira assumed a leading role in the effort to demote plaintiff. After his demotion, plaintiff filed a grievance. The matter proceeded to a full evidentiary hearing before the Connecticut Department of Labor, Board of Mediation and Arbitration, and the arbitrators eventually ruled in plaintiff's favor.

According to the complaint, plaintiff's filing and pursuit of this workplace grievance constituted an exercise of his rights to free speech under the federal and state constitutions. After the arbitrators ruled in plaintiff's favor, defendants allegedly took various adverse actions against

1

plaintiff. For example, plaintiff was forced to answer questions about a certain incident as if he were the target of an internal investigation even though he had no connection to the incident. Additionally, Sequeira stated numerous times that he was trying to get plaintiff fired. Plaintiff was also deprived of the privilege of bringing a duty vehicle home—a privilege normally afforded police lieutenants.

Plaintiff filed this federal court action alleging that he was subject to unlawful retaliation for engaging in speech protected under the First Amendment. Plaintiff further claims that he was subject to retaliation for engaging in speech protected under the Connecticut Constitution. Defendants have now moved to dismiss the complaint.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014).

In order to maintain a valid claim for First Amendment retaliation, a plaintiff must allege facts showing that "(1) his speech or conduct was protected by the First Amendment; (2) the [governmental] defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011). For obvious reasons, government employers have an interest in regulating and restricting the speech of their own employees in ways that would not be acceptable if the government were regulating the speech of the citizenry in general. *See*

*Ricciuti v. Gyzenis,* 834 F.3d 162, 167-68 (2d Cir. 2016); *Lynch v. Ackley*, 811 F.3d 569, 577 (2d Cir. 2016).

Accordingly, when a plaintiff is a public employee who claims that his governmental employer has engaged in First Amendment retaliation, a court must consider at the outset whether the plaintiff's speech activity is subject at all to protection from adverse action. The Supreme Court has made clear that a public employee's speech is not subject to protection unless the speech addresses a matter of public concern and unless the employee spoke in his capacity as a citizen rather than an employee. *See Garcetti v. Ceballos*, 547 U.S. 410, 420–22 (2006); *Jackler v. Byrne*, 658 F.3d 225, 235 (2d Cir. 2011). This determination of whether speech involves a matter of public concern and is made as a citizen rather than an employee is a question of law for a court to decide in light of the content, form, and context of any given statement. *Id.* at 237; *Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008) (same).

Defendant argues that plaintiff's grievance was not employee speech subject to protection under the First Amendment. I agree, and apparently so does plaintiff, because plaintiff makes no attempt at all in his briefing to respond to any of defendants' arguments about the First Amendment. Instead, plaintiff's briefing addresses solely his state law rights under the Connecticut Constitution. Plaintiff has abandoned his First Amendment claim by failing to address any of the First Amendment arguments raised in defendants' motion to dismiss.

There is good reason for plaintiff to give up on his First Amendment claim, because the Second Circuit has made clear that an employee's filing and pursuit of a workplace grievance is not speech made as a "citizen" as distinct from workplace speech made as an "employee." *See Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196, 203–04 (2d Cir. 2010). A formal grievance process "is not a form or channel of discourse available to non-

employee citizens." *Id.* at 204. Rather, it is an internal process for resolving employment disputes pursuant to an employment agreement. *Ibid.*

Nor can it be said that plaintiff's grievance was on a matter of public concern. His grievance alleged that defendants improperly disciplined him for violations of certain rules and without according him his rights to due process in connection with the discipline imposed. *See generally* Doc. #21-1. Although plaintiff tries to frame his grievance as addressing loftier matters of police misconduct, a fair reading of the record shows that that the grievance was addressed principally to plaintiff's concern that he himself was not fairly treated when demoted. This type of alleged mistreatment of an employee by an employer falls well short of constituting a matter of public concern. *See, e.g.*, *Miller v. New York City Dep't of Educ.*, 622 F. App'x 38, 39 (2d Cir. 2015); *Ruotolo*, 514 F.3d at 190.

Because plaintiff has abandoned his First Amendment claim and because his First Amendment claim plainly lacks merit, I will dismiss this claim. I will otherwise decline to exercise supplemental jurisdiction over plaintiff's remaining state law claim. *See, e.g.*, *Perez-Dickson v. Bridgeport Bd. of Educ.*, 2017 WL 362771, at *3 (2d Cir. 2017).

## CONCLUSION

Defendants' motion to dismiss (Doc. #16) is GRANTED. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 7th day of March 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge